UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID L. HORTON,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

Case No. C04-5676FDB

ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Strombom recommends that the Court should conclude that the Administrative Law Judge (ALJ) properly concluded that Plaintiff was not disabled. Plaintiff has filed objections.

**1.** Plaintiff first argues that the ALJ's Step Three determination was legally erroneous in that the evidence does meet or equal the severity criteria at Listing 1.04 and that the ALJ failed to explain which listings he considered and what evidence he considered in making his determination.

The Magistrate Judge correctly pointed out that while it is true that there is evidence in the record that Plaintiff has been diagnosed with one or more neurological deficits, the evidence in the record also shows that his neuromuscular deficiencies are not of a disabling nature. [R&R p. 14.] The second part of Plaintiff's objection is without merit. The ALJ concluded that degenerative disc

ORDER - 1

disease was a severe impairment but also noted that neither the medical expert nor any provider of record has observed clinical findings meeting, or equivalent in severity to, the criteria of any of the listed impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1. This is sufficient to explain the ALJ's rationale.

**2.** Second, Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of claimant's treating specialist and treating and examining physicians.

The Magistrate Judge has thoroughly evaluated the arguments regarding Dr. Rubenstein's inconsistent opinions and the problem with the State evaluation forms, and the Court is not persuaded by Plaintiff's argument otherwise. Plaintiff's contentions concerning the findings and opinions of Doctors Livermore, Rubenstein, and Dr. Kassim not being properly credited are without merit. The ALJ's opinion throughout refers to the physicians and the Magistrate Judge thoroughly reviews these physicians conclusions. This Court agrees that the majority of the medical opinions in the record including those provided after the alleged onset date of September 1, 1995 indicate that Plaintiff is capable of performing at a level greater than that indicative of disability.

**3.** Third, Plaintiff argues that the ALJ failed to properly consider Plaintiff's testimony and also argues that the Magistrate Judge improperly accepted *post hoc* rationales that were not stated by the ALJ in his decision, and while the ALJ stated six reasons for rejection Plaintiff's testimony, none are convincing.

Plaintiff's argument is unconvincing as to the Plaintiff's testimony. The Magistrate Judge reviewed the ALJ's reasons for discounting Plaintiff's testimony, and this Court agrees that the ALJ properly assessed Plaintiff's testimony.

**4.** Fourth, Plaintiff argues that the ALJ's Step Two Analysis was improper because Plaintiff's gout – pain and swelling in his elbow several times a year for a week at a time – was not mentioned.

At Step Two, the ALJ must determine if an impairment is "severe." The record reveals that

ORDER - 2

the health care providers assessed Plaintiff's complaints as to his left great toe and his left elbow, there were statements that gout was "possible" [Tr. 297] and "episodic joint pain and swelling could be gout [Tr. 317], there was no conclusion in the medical evidence that there were significant, lasting functional limitations attributable to gout.  The ALJ did not err as argued in failing to mention gout.

**5.**  Fifth, and finally, Plaintiff argues that the Vocational Expert's testimony, that a individual who has to lie down for half an hour twice a day would be unable to sustain competitive work, supports a finding of disability.

This Court disagrees.  The record reveals that none of the medical evidence reveals a need for Plaintiff to recline periodically.  On the contrary, the medical evidence reveals that Plaintiff's need to lie down on the floor was Plaintiff's personal choice and that this was not a medical finding.  [Tr. 393, Dr. Van Linder.]

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of United States Magistrate Judge Karen L. Strombom, the objections to the report and recommendation, and the remaining record, does hereby find and ORDER:

(1)   The Court adopts the Report and Recommendation;

(2)   The administrative decision is AFFIRMED; and

(3)   The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 2nd day of September, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3